SUMMARY ORDER

Mei Zhu Ye, a native and citizen of the People’s Republic of China, seeks review of a September 15, 2006 order of the BIA, affirming the October 18, 2004 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Mei Zhu Ye, No. A79 683 170 (B.I.A. Sept. 15, 2006), aff'g No. A79 683 170 (Immig. Ct. N.Y. City Oct. 18, *399 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); See also Tao Jiang v. Gonzales, 500 F.3d 137, 140 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find that the IJ did not err in denying Ye’s application for asylum or withholding of removal. The IJ reasonably determined that Ye failed to demonstrate that her claim that she feared persecution for refusing to date or marry the son of a local politician was on account of her race, religion, nationality, or political opinion. See 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1). Moreover, in her asylum application, Ye did not check the box indicating that she was applying for asylum based on her membership in a particular social group, nor did she identify before the IJ a particular social group to which she belonged. Accordingly, we find that no reasonable fact-finder would be compelled to conclude, contrary to the IJ, that Ye established eligibility for asylum and withholding of removal by demonstrating a nexus between her purported fear and a protected ground. See Jiang, 500 F.3d at 140.[1]
As to Ye’s family planning claim, the IJ reasonably found speculative her claim that she feared persecution for failing to register her traditional marriage, where she did not submit any country conditions evidence demonstrating that such failure violated the family planning policy. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (holding that “[i]n the absence of solid support in the record for [an applicant’s] assertion that he will be [persecuted], his fear is speculative at best”). Moreover, we may not consider Ye’s assertion, raised for the first time before this Court, that she has a well-founded fear of persecution on account of the birth of her U.S. citizen child and her desire to have more children. See 8 U.S.C. § 1252(b)(4)(A) (providing that we must “decide the petition [for review] only on the administrative record on which the order of removal is based”).
Finally, we turn to the IJ’s denial of Ye’s claim for CAT relief.[2] We have found that a petitioner is not “entitled to CAT protection based solely on the fact that [s]he is part of the large class of persons who have illegally departed China.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005) (emphasis omitted). Here, the IJ reasonably rejected Ye’s claim for CAT relief because *400 she did not provide sufficient evidence to show that it was more likely than not that she would be tortured upon return to China.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. In any event, we note that even liberally construed, Ye has waived in her brief any argument that the IJ erred by failing to consider whether she had a well-founded fear of persecution on account of her membership in a particular social group, and has failed to challenge the IJ’s alternative finding that she was not eligible for asylum or withholding of removal as she could safely relocate within China. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

. Although Ye did not challenge the IJ's denial of CAT relief in her brief on appeal to the BIA, we reach the merits of her claim. Because the government does not raise issue exhaustion, this Court may review the changed circumstances finding. See Lin Zhong v. U.S. Dep’t of Justice, 461 F.3d 101, 119-20 (2d Cir.2006).